

# THE ATTORNEY GENERAL
## OF TEXAS

February 8, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Ray Farabee
Chairman
State Affairs Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.   JM-854

Re: Whether a city of more than 10,000 inhabitants is required to grant a minimum 30-minute meal break to police officers  (RQ-1231)

Dear Senator Farabee:

You ask whether a city having a population in excess of 10,000 is required to give its police officers at least a thirty minute meal break during their work period. Your question is prompted by language found in House Bill No. 2250, enacted during the regular session of the 70th Legislature (Acts 1987, 70th Leg., ch. 933, at 6272). House Bill No. 2250 amended article 1269p, V.T.C.S. This article was also repealed and recodified during the same legislative session as section 142.001 of the Local Government Code. Acts 1987, 70th Leg., ch. 149, at 1397, 1721 and 2545. The repeal of a statute in a recodification does not affect an amendment to that statute by the same legislature. See Gov't Code §311.031(c). Therefore, any language found in House Bill No. 2250 that is inconsistent with or in addition to language in the recodification will be preserved and given effect.

Both House Bill No. 2250 and section 142.001 of the Local Government Code relate to the hours of labor of firefighters and police officers in cities with a population in excess of 10,000 inhabitants. The statutes provide details for determining the number of hours to be worked and the rate of pay for certain employees. Subsections (j) and (k) of section 142.001 (formerly section 6A of article 1269p) provide: (1) the maximum number of hours that a police officer may be required to work during a calendar week; and (2) the officer's entitlement to compensatory pay or compensatory leave for overtime worked.

In House Bill No. 2250, the legislature specified the time to be taken into account in determining an officer's

compensation.   Section 2 of the bill amended section 6A of article 1269p, V.T.C.S., by adding the following language:

> Compensable hours  of work  includes all  of the time during which a policeman is on duty on the city's  premises or  at a  prescribed workplace, as well as all other time  during which the policeman is suffered or permitted to work for  the city.   Such time  includes all  preshift  activities  and  postshift activities which are an integral part of the policeman's principal activity or which  are closely related  to the  performance of  the principal activity.   Time spent away  from the city's  premises under  conditions  that are so circumscribed that they restrict  the policeman from  effectively using  the  time for personal pursuits also constitutes hours of work.   Bona fide  meal periods  are  not worktime.  Bona  fide  meal periods  do  not include coffee  breaks or  time for  snacks. The policeman  must be  completely  relieved from duty for the purposes of eating regular meals.  Ordinarily 30  minutes or  more  is long enough for a bona fide meal period.   A shorter period  may  be  long  enough  under special conditions.   The policeman  is  not relieved if he  is required  to perform  any duties, whether  active or  inactive,  while eating.   (Emphasis added.)[1]

The purpose  of  the  reference to  meal  periods  is unambiguous; if  the period  is not  to  be considered  as compensable worktime, then the officer must be relieved of all official duties, and the period must generally meet or exceed thirty  minutes.  In  providing  the thirty  minute guideline, the legislature is providing a guide to cities to  distinguish  between  compensable  and  noncompensable time.   As we read  the above-quoted language, there  is no requirement for a  city to  provide a  thirty minute  meal break.   There is  a requirement that  a city include  meal

---

1.   This section does  not apply  to a  city with  a population in  excess of 1.5 million  inhabitants.  Section 4 of House Bill No. 2250 added section 6E to article 1269p to establish  the  hours  for  police  officers  in  those cities.

breaks of less than  thirty minutes in its  calculation of an officer's pay.   An exception  is provided for  special conditions.   Also, the language requires any  meal period, regardless of duration,  to be considered  worktime unless the police officer is fully relieved of his duties for the purpose of eating a regular meal.

We note that article 5154c-1, V.T.C.S.  (the Fire and Police Employee Relations  Act), may  be relevant to  your inquiry.  This  statute  authorizes collective  bargaining for firefighters and police officers in cities, towns, and other political  subdivisions which  adopt the  provisions of the statute.  "Wages, hours, working conditions and all other terms and conditions  of employment" are  subject to negotiation under this statute.  Sec. 5(a).

## S U M M A R Y

House Bill No. 2250 does not require  a city with a population  in excess of  10,000 inhabitants to provide its police officers a minimum meal period of thirty minutes.  If a police officer is not fully relieved of  his duties for the purpose  of eating a  regular meal,  a  meal  period  is  considered  compensable work time.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General